IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS (Wichita)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Andrew Heath Alexander, | ) | |
| Jennifer Lynn Alexander, | ) | Case No. 22-10612 |
| | ) | Chapter 7 |
| Debtors, | ) | |
| | ) | |
| Santander Consumer USA Inc., | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| Andrew Heath Alexander, | ) | |
| Respondent, | ) | |
| and | ) | |
| | ) | |
| Patricia E. Hamilton, | ) | |
| Trustee. | ) | |

## MOVANT SANTANDER CONSUMER USA INC.'S
## BRIEF IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY

### INTRODUCTION

Santander Consumer USA Inc. ("Santander") hereby submits this brief in support of its motion for relief from stay (Doc. 70).

### PROCEDURAL POSTURE AND POSITIONS OF THE PARTIES

This matter is before the Court on Santander's motion for relief from stay (Doc. 70) and Trustee's objection (Doc. 72). Santander seeks termination of the automatic stay to allow it to exercise its state rights to foreclose upon Debtor's 2020 Mitsubishi Outlander (the "Vehicle"). (*See generally* Doc. 70, Motion for Relief from Stay.) Trustee objects to Santander's motion claiming that Santander's security interest was unperfected when the bankruptcy case was filed

1

and is therefore avoidable. (*See generally* Doc. 72, Trustee's Objection to Motion for Relief from Automatic Stay Filed by Santander Consumer USA Inc. ("Trustee's Objection").)

## QUESTION PRESENTED

The narrow question at bar is whether Santander's purchase-money security interest in the Vehicle was perfected at the time this case was filed.

## FACTS

The facts in this case are not in dispute. Santander and Trustee have filed a stipulation of material facts. (*See* Doc. 87, Stipulated Facts.) Santander submits that the critical facts are as follows:

- At all relevant times, Andrew Heath Alexander ("Alexander") has resided in Kansas. (*See* Doc. 87, Stipulated Facts at 2, No. 18.)

- On June 13, 2022, Alexander purchased the Vehicle from a Kansas dealer. (*See id.* at 1–2, Nos. 5–6, 18.)

- Alexander executed a retail installment sale contract for his purchase of the Vehicle. The contract was assigned to Santander, who financed Alexander's purchase of the Vehicle. In exchange for the financing, and in accordance with the terms of the retail installment sale contract, Alexander granted a security interest in the Vehicle to Santander. The retail installment sale contract is governed by Kansas law. (*See* Doc. 70-1, Retail Installment Sale Contract, attached as Exhibit A to Doc. 70, Motion for Relief from Stay; Doc. 87, Stipulated Facts at 1, Nos. 6–7.)

- The dealership completed the "First Assignment Dealer Only" section on the back of the Illinois Title stating that the Debtors were the owners of the Mitsubishi and that Santander was the Lienholder. (*See* Doc. 87, Stipulated Facts at 1, No. 9.)

- On or about June 30, 2022, a notice of security interest was filed with the Kansas Department of Revenue that identified Santander as the lienholder regarding the Vehicle. (*See id.* at 1, No. 10.)

- On July 7, 2022, Alexander (along with his wife, Jennifer Lynn Alexander) commenced this bankruptcy proceeding. (*See id.* at 1, No. 1.)

- According to Kansas Department of Revenue records, Alexander applied for a Kansas title for the Vehicle on or about November 8, 2022. (*See id.* at 2, No. 13.)

## LEGAL ANALYSIS

### I. APPLICABLE LAW

It is well established that bankruptcy courts look to state law to answer questions about the validity and perfection of security interests. *See, e.g.*, *Morris v. CIT Group/Equip. Fin., Inc. (In re Charles)*, 323 F.3d 841, 842–43 (10th Cir. 2003) ("The determination of whether a creditor's security interest is unperfected, and therefore avoidable under [11 U.S.C.] § 544(a), is controlled by state law."). In this case, it is not disputed that Alexander resided in Kansas at all relevant times; he purchased the Vehicle in Kansas from a Kansas dealer; the retail installment sale contract provides that it is governed by Kansas law; since the purchase, the Vehicle has been owned by a resident of Kansas; Santander filed a notice of security interest with the Kansas Department of Revenue pursuant to Kansas law; and Alexander subsequently applied for a Kansas title. All of these facts demonstrate that Kansas state law applies to the perfection of Santander's security interest.

### II. UNDER KANSAS LAW, SANTANDER'S SECURITY INTEREST IS PERFECTED WHEN IT FILED THE NOTICE OF SECURITY INTEREST.

Under Kansas law, the impact of Santander filing the notice of security interest with the Kansas Department of Revenue is clear and straightforward. The Kansas statute that addresses

3

transfers of motor vehicles and perfection of security interests is K.S.A. 8-135. In pertinent part, that statute provides,

> upon sale and delivery to the purchaser of every vehicle subject to a purchase money security interest as provided in article 9 of chapter 84 of the Kansas Statutes Annotated, and amendments thereto, the dealer or secured party may complete a notice of security interest and when so completed, the purchaser shall execute the notice, in a form prescribed by the division, describing the vehicle and showing the name and address of the secured party and of the debtor and other information the division requires. . . . The dealer or secured party, within 30 days of the sale and delivery, may mail or deliver the notice of security interest, together with a fee of $2.50, to the division. The notice of security interest shall be retained by the division until it receives an application for a certificate of title to the vehicle and a certificate of title is issued. The certificate of title shall indicate any security interest in the vehicle. . . . **The proper completion and timely mailing or delivery of a notice of security interest by a dealer or secured party shall perfect a security interest in the vehicle, as referenced in K.S.A. 84-9-311, and amendments thereto, on the date of such mailing or delivery**.

K.S.A. 8-135(c)(5) (emphasis added); *see also* K.S.A. 84-9-311(a)(2) (providing, in relevant part, that a security interest in "property subject to . . . any law of this state covering automobiles, trailers, mobile homes, boats or the like, which provides for a security interest to be indicated on a certificate of title. . . .[,] shall be deemed perfected upon the mailing or delivery of the notice of security interest and tender of the required fee to the appropriate state agency as prescribed by subsection (c)(5) of K.S.A. 8-135").

Courts have recognized that this statutory scheme effectively provides two ways that a secured creditor can perfect a purchase-money security interest in a motor vehicle:

> First and foremost, Kansas law provides that a purchase money security interest in an automobile held by a secured creditor is perfected when the certificate of title issues with the lien noted thereon. Secondly, and because purchasers do not always register and title their vehicles in a timely manner, Kansas law affords a secured creditor the opportunity to perfect its purchase money security interest during the interim time period between purchase and issuance of a certificate of title by timely mailing or delivering a formal notice of security interest, along with the applicable fee, to the Division.

4

*United States v. Dunn*, No. 22-CV-1152-JAR, 2023 WL 8599389, at *7 (D. Kan. Dec. 12, 2023) (quoting *Stanley Bank v. Parish*, 46 Kan. App. 2d 422, 426–27, 264 P.3d 491, 495 (2011)); *see also Williamson v. Southwind Bank (In re Anstaett)*, 651 B.R. 911, 917 (Bankr. D. Kan. 2023) ("The 'proper completion and timely mailing or delivery' of the [notice of security interest] perfects the secured party's interest.") (quoting K.S.A. 8-135(c)(5)).

The creditor's ability to perfect its security interest by filing a notice of security interest "gives the creditor the option of initiating the perfection documents itself instead of waiting on the purchaser to mail or deliver the requisite documents to the Division." *Dunn*, 2023 WL 8599389, at *10; *see also Lentz v. Bank of Independence (In re Kerr)*, 598 F.2d 1206, 1208 (10th Cir. 1979) ("The legislature perceived a hole in the statutory scheme whereby, contrary to the general philosophy of the UCC, the lender would be dependent upon acts of the borrower to perfect its lien. The legislature took steps to provide a simplified method whereby the lender would not be subject to that risk, if it filed a [notice of security interest] and paid a nominal fee.").

In this case, Santander availed itself of the statutory procedure and timely filed a notice of security interest "within 30 days of the sale and delivery" of the Vehicle to Alexander. *See* K.S.A. 8-135(c)(5). Specifically, Alexander purchased the Vehicle on June 13, 2022, and the notice of security interest was filed on June 30, 2022, a little more than two weeks later, and before Alexander filed this bankruptcy proceeding. (*See* Doc. 87, Stipulated Facts at 1, Nos. 1, 6, 10.) It does not matter that Alexander inexplicably waited another four months before he filed an application for Kansas title and that he filed such application after he had commenced this bankruptcy proceeding. (*See id.* at 2, No. 13.) Perfection of Santander's security interest is deemed to have occurred "on the date of such mailing or delivery" of the notice of security interest. *See* K.S.A. 8-135(c)(5); *see also In re Anstaett*, 651 B.R. at 917. This situation is precisely the

5

Case 22-10612   Doc# 93   Filed 01/04/24   Page 5 of 11

reason that the notice-of-security-interest procedure exists: so that the creditor is "protected from the risk of the purchaser failing to register the vehicle." *See Dunn*, 2023 WL 8599389, at *10; *see also In re Kerr*, 598 F.2d at 1208.

### III. TRUSTEE'S OBJECTION TO SANTANDER'S LIEN IS ERRONEOUS

It bears emphasizing again that every material aspect of Alexander's purchase of the Vehicle occurred in Kansas. He was (and is) a Kansas resident who purchased the Vehicle from a Kansas dealer in accordance with a retail installment sale contract entered into and governed by Kansas law, and he later applied for a Kansas title. (*See* Doc. 70-1, Retail Installment Sale Contract, attached as Exhibit A to Doc. 70, Motion for Relief from Stay; Doc. 87, Stipulated Facts at 1–2, Nos. 5–6, 10, 13, 18.) Trustee nonetheless objects to Santander's motion for relief from stay and claims that Santander's filing of the notice of security interest with the Kansas Department of Revenue was not sufficient to perfect Santander's lien. Trustee appears to take the position that Santander should have perfected its security interest in Illinois because the Vehicle was subject to an Illinois certificate of title at the time that Alexander purchased it. (*See generally* Doc. 72, Trustee's Objection.) Trustee's position lacks merit.

In her objection to Santander's motion for relief from stay, Trustee relies principally on two unpublished prior court decisions in an effort to support her argument: *Hamilton v. Global Lending Services, LLC (In re Williams)*, Bankr. Case No. 21-21115, Adv. No. 22-06041 (Bankr. D. Kan. Apr. 28, 2023) (Doc. 18), and *In re Nazarenko*, No. 21-20533 (Bankr. D. Kan. Jan. 18, 2023) (Doc. 41). Both of these cases are easily distinguished.

In *Hamilton*, a Kansas debtor purchased a vehicle in Missouri that was subject to a California title. *See Hamilton*, Bankr. Case No. 21-21115, Adv. No. 22-06041, Doc. 18 at 2. The debtor granted a security interest in the vehicle, and the creditor filed a notice of security interest

6

with the Kansas Department of Revenue. *See id.* at 3. However, the debtor *never* filed a Kansas title application, and at the time that the bankruptcy court considered the perfection status of the creditor's security interest, it was undisputed and stipulated that the vehicle "remains covered by its California title." *See id.* Thus, the court applied the UCC choice-of-law rules in K.S.A. 84-9-303 to determine that California law determined whether the creditor's security interest was perfected. *See id.* at 3–5. In relevant part, K.S.A. 84-9-303(c) provides that "[t]he local law of the jurisdiction under whose certificate of title the goods are covered governs perfection." In concluding that California perfection rules applied, the *Hamilton* court reasoned, "[B]ecause the [vehicle] remains covered by its California title, the local law of California governs perfection, the effect of perfection or nonperfection, and the priority of security interests in this dispute." *See Hamilton*, Bankr. Case No. 21-21115, Adv. No. 22-06041, Doc. 18 at 5. The court ruled that the creditor had not complied with California perfection requirements, that the security interest "is unperfected under California law," and that trustee could consequently avoid the security interest under 11 U.S.C. § 544(a)(1). *See id.* at 5–6.

The court's decision in *Nazarenko* was similar. In that case, the debtor was a Missouri resident who purchased a vehicle with a New York title from a Kansas dealer. *See In re Nazarenko*, No. 21-20533, Doc. 41 at 2. The creditor tried to perfect the security interest in the vehicle by recording a notice of lien in Missouri, but the borrower "never re-titled" the vehicle in Missouri or in any other state. *See id.* at 2. Similar to the *Hamilton* case, the creditor and trustee had "stipulated that [the vehicle] remains covered by its New York title," and so the court applied K.S.A. 84-9-303(c) to determine that New York law dictated whether the creditor's security interest was perfected. *See id.* at 8.

7

This case is materially different from both *Hamilton* and *Nazarenko*. A critical factor in the court's decision in both of those cases, as detailed above, was that the debtor *never* applied for a certificate of title in the jurisdiction where the notice of security interest had been filed. Therefore, it was not disputed, at the time the court made its ruling, that the vehicle in question "remained" covered by a certificate of title in California (*Hamilton*) or New York (*Nazarenko*).

Moreover, neither *Hamilton* nor *Nazarenko* dealt with a Kansas resident purchasing a vehicle from a Kansas dealership. *Hamilton* involved a Kansas debtor that purchased a vehicle in Missouri, and *Narazenko* dealt with a Missouri resident that purchased a vehicle from a Kansas dealership. In this case, not only is Alexander a Kansas resident who purchased the Vehicle from a Kansas dealer under a retail installment contract governed by Kansas law; *he also filed an application for a Kansas title*. So even assuming that K.S.A. 84-9-303 controls the choice-of-law analysis, as it did in both *Hamilton* and *Nazarenko*, in this case, the Vehicle is currently covered by a Kansas certificate of title, so Kansas law would control the issue of perfection. *See* K.S.A. 84-9-303(c); *see also* K.S.A. 84-9-303(b) ("Goods become covered by a certificate of title when a valid application for the certificate of title and the applicable fee are delivered to the appropriate authority.").

And under Kansas law, perfection occurs when the notice of security interest is filed with the Kansas Department of Revenue, not the subsequent date when the debtor applies for a certificate of title. The perfection statute specifically contemplates that the notice of security interest is filed before the debtor applies for title. *See* K.S.A. 8-135(c)(5) ("The notice of security interest shall be retained by the division until it receives an application for a certificate of title to the vehicle and a certificate of title is issued. . . . The proper completion and timely mailing or delivery of a notice of security interest by a dealer or secured party shall perfect a security interest

8

in the vehicle, as referenced in K.S.A. 84-9-311, and amendments thereto, on the date of such mailing or delivery."); *In re Anstaett*, 651 B.R. at 917 ("The 'proper completion and timely mailing or delivery' of the NOSI perfects the secured party's interest.") (quoting K.S.A. 8-135(c)(5)). Santander filed the notice of security interest before Alexander filed for bankruptcy, so Santander's security interest is considered to have been perfected before the commencement of the bankruptcy proceeding.

This conclusion, besides being consistent with K.S.A. 84-9-303, also avoids the illogical determination that Santander was required to perfect its security interest in *Illinois* to protect its lien from Alexander's bankruptcy. The Illinois statute addressing perfection of a security interest in a motor vehicle is 625 ILCS 5/3-202. In relevant part, this statute provides, "A security interest is perfected by the delivery to the Secretary of State of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the required fee." 625 ILCS 5/3-202(b). Plainly this provision contemplates perfection of a security interest in a vehicle for which the debtor is intending to apply for Illinois title. It does not contemplate perfection of a security interest in a vehicle that was purchased in Kansas from a Kansas dealer and by a Kansas resident who intended to (and ultimately did) apply for a Kansas title.

In addition, in conjunction with the purchase prior to the filing of the petition, the Illinois title was completed by the dealership to indicate on that Illinois title that Alexander was the owner of the Vehicle and Santander was the Lienholder. *(See* Doc. 87, Stipulation of Facts at 1, No. 9.) Any judicial lienholder or other party that obtained the Illinois title at the time of filing would see that Santander was noted as a lienholder on the Vehicle.

This scenario is covered by, and clearly illustrates the protective purposes of, the Kansas notice-of-security-interest statute. Santander availed itself of that statute by filing a notice of security interest before Alexander applied for his Kansas title, so its security interest is perfected when the notice of security interest was filed. Because the notice of security interest was filed before Alexander commenced his bankruptcy proceeding, Santander's security interest is not avoidable by Trustee, and Trustee has no basis to object to Santander's motion for relief from stay.

## CONCLUSION

For the foregoing reasons, Santander respectfully requests that the Court grant its motion for relief from stay (Doc. 70) and permit Santander to exercise its rights as a secured creditor against the Vehicle. Santander requests such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**LEWIS RICE LLC**

By:/s/ Michael P. Gaughan
Michael P. Gaughan, #31121
10484 Marty St.
Overland Park, KS 66212
mgaughan@lewisricekc.com
T: 913-648-6333
F: 913-642-8742
Attorney for Movant
Santander Consumer USA Inc.

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS (Wichita)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Andrew Heath Alexander, ) | |
| Jennifer Lynn Alexander, ) | Case No. 22-10612 |
| ) | Chapter 7 |
| Debtors, ) | |
| _____ ) | |
| Santander Consumer USA Inc., ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| Andrew Heath Alexander, ) | |
| Respondent, ) | |
| and ) | |
| ) | |
| Patricia E. Hamilton, ) | |
| Trustee. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Movant Santander Consumer USA Inc.'s Brief in Support of Its Motion for Relief from Stay was deposited in the United States mail, postage prepaid, on January 4, 2024, addressed to:

Andrew Heath Alexander
Jennifer Lynn Alexander
1244 N. Derby Ave.
Derby, KS 67037
Debtors

Patricia E. Hamilton
4848 SW 21st St. Ste. 201
Topeka, KS 66604
Trustee

John M. Studtmann
6235 W. Kellogg
Wichita, KS 67209
Attorney for Debtors

    /s/Michael P. Gaughan
Attorney for Movant

11